**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WILLIE BILLINGER,                 *

      Plaintiff,             *

   v.

                         *

JULIAN MIN, *et al.*,              Civil Action No. 25-cv-00230-RDB

                         *

      Defendants.           *

                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**JULIAN MIN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Julian Min ("Defendant" or "Officer Min"), by his undersigned attorneys, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, files this Answer to Plaintiff's Complaint and states:

**Introduction**

The quotation above paragraph 1 is a statement by Plaintiff to which no response is required from Defendant. To the extent that any response is required, Defendant denies any allegations of liability against him in this statement and denies that Plaintiff is entitled to damages from Defendant or entitled to damages based on Defendant's alleged conduct.

1.      Responding to paragraph 1, Defendant admits only that on March 14, 2017, two bodies later identified as Earline Thomas and Howard Martin were discovered in a Baltimore City apartment.

2.      Responding to paragraph 2, Defendant admits only that Thomas and Martin had stab wounds and were pronounced dead, and that there was suspected blood found in the apartment in which their bodies were found.

3.      Defendant admits the allegations in paragraph 3.

4.      Defendant is without sufficient information to admit or deny the allegations in paragraph 4.

5.      Defendant denies the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant is without sufficient information to admit or deny the allegations in paragraph 9.

10.     Responding to paragraph 10, Defendant admits only that he said to Plaintiff "I know a killer when I see one" during his interview of Plaintiff.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant is without sufficient information to admit or deny the allegations in paragraph 13, but denies any allegations of wrongdoing asserted against him in this paragraph.

14.      Defendant is without sufficient information to admit or deny the allegations in paragraph 14, but denies any allegations of wrongdoing asserted against him in this paragraph.

15.     Defendant denies any allegations of wrongdoing against him in paragraph 15.

16.     Defendant admits the allegation in paragraph 16.

17.     Defendant admits the allegations in paragraph 17.

18.     Paragraph 18 does not contain any factual allegations and, therefore, no response is necessary from Defendant. To the extent a response is necessary, Defendant denies any allegations of wrongdoing against him in this paragraph.

2

**Jurisdiction and Venue**

19.     Paragraph 19 does not contain any factual allegations and, therefore, no response is necessary from Defendant. To the extent a response is necessary, Defendant denies any allegations of wrongdoing against him in this paragraph.

20.     Paragraph 20 is an allegation regarding jurisdiction to which no response is necessary from Defendant. To the extent any response is necessary, Defendant does not currently contest jurisdiction, but reserves the right to amend this answer during the course of discovery.

21.     Paragraph 21 is an allegation regarding venue to which no response is necessary from Defendant. To the extent any response is necessary, Defendant does not currently contest venue, but reserves the right to amend this answer during the course of discovery.

22.     Responding to paragraph 22, Defendant admits only that such a notice was sent.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23.

24.     Defendant is without sufficient information to admit or deny the allegations in paragraph 24.

25.     Defendant is without sufficient information to admit or deny the allegations in paragraph 25.

**Parties**

26.     Defendant is without sufficient information to admit or deny the allegations in paragraph 26.

27.     Defendant admits the allegations in paragraph 27.

28.     Responding to paragraph 28, Defendant admits only that, at all times relevant to this suit, he was employed by BPD.

4930-4951-9007, v. 1

**United States Department of Justice Investigation of Baltimore Police Department**

29-34.    Paragraphs 29-34 do not contain factual allegations regarding Defendant and, therefore, no response from Defendant is necessary. To the extent a response to these paragraphs is necessary, Defendant denies any allegations of wrongdoing against him in these paragraphs.

**The Facts of Plaintiff's Case**

35.    Defendant denies the allegations in paragraph 35.

36.    Defendant admits the allegations in paragraph 36.

37.    Defendant admits the allegations in paragraph 37.

38.    Responding to paragraph 38, Defendant admits only that he interviewed a man named Tyrone Rice, who admitted to being at the victims' apartment on the night of the murders.

39.    Defendant is without sufficient information to admit or deny the allegations in paragraph 39.

40.    Defendant denies the allegations in paragraph 40.

41.    Paragraph 41 contains a description of the crime scene to which no response is necessary from Defendant.

42.    Responding to paragraph 42, Defendant admits only that a blood swab was obtained and that CODIS indicated a match from the swab to a man named Kevin Jones.

43.    Defendant denies the allegations in paragraph 43.

44.    Defendant admits the allegations in paragraph 44.

45.    Defendant is without sufficient information to admit or deny the allegations in paragraph 45.

46.    Defendant denies the allegations in paragraph 46.

47.    Defendant admits the allegations in paragraph 47.

4930-4951-9007, v. 1

48.    Defendant denies the allegations in paragraph 48.

49.    Defendant is without sufficient information to admit or deny the allegation in paragraph 49.

50.    Defendant denies the allegations in paragraph 50.

51.    Responding to paragraph 51, Defendant admits only that he filed a statement of charges against Plaintiff. That document speaks for itself.

52.    Defendant denies the allegations in paragraph 52.

53.    Defendant denies the allegations in paragraph 53.

54.    Defendant denies the allegations in paragraph 54.

55.    Defendant denies the allegations in paragraph 55.

56.    Defendant denies the allegations in paragraph 56.

57.    Defendant denies the allegations in paragraph 57.

58.    Defendant denies the allegations in paragraph 58.

59.    Defendant denies the allegations in paragraph 59.

60.    Defendant denies the allegations in paragraph 60.

61.    Defendant denies the allegations in paragraph 61.

62.    Defendant denies the allegations in paragraph 62.

63.    Defendant denies the allegations in paragraph 63.

64.    Defendant denies the allegations in paragraph 64.

65.    Defendant is without sufficient information to admit or deny the allegations in paragraph 65.

66.    Defendant denies any allegations of wrongdoing against him in paragraph 66.

67.    Defendant denies any allegations of wrongdoing against him in paragraph 67.

68.     Defendant denies any allegations of wrongdoing against him in paragraph 68.

69.     Defendant denies any allegations of wrongdoing against him in paragraph 69.

70.     Defendant denies any allegations of wrongdoing against him in paragraph 70.

71.     Defendant denies the allegations of wrongdoing against him in paragraph 71.

72.     Defendant denies any allegations of wrongdoing against him in paragraph 72.

73.     Defendant denies the allegations of wrongdoing against him in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant is without sufficient information to admit or deny the allegations in paragraph 77.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies the allegations of wrongdoing against him in paragraph 79.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant denies the allegations in paragraph 81.

82.     Defendant is without sufficient information to admit or deny the allegations in paragraph 82.

83.     Defendant is without sufficient information to admit or deny the allegations in paragraph 83.

84.     Defendant is without sufficient information to admit or deny the allegations in paragraph 84.

85.     Defendant denies any allegations of wrongdoing against him in paragraph 85.

86.     Defendant admits the allegation in paragraph 86.

4930-4951-9007, v. 1

87.     Defendant is without sufficient information to admit or deny the allegations in paragraph 87.

88.     Defendant denies any allegations of wrongdoing against him in paragraph 88.

89.     Defendant denies any allegations of wrongdoing against him in paragraph 89.

90.     Defendant denies any allegations of wrongdoing against him in paragraph 90.

91.     Defendant denies any allegations of wrongdoing against him in paragraph 91.

92.     Defendant denies any allegations of wrongdoing against him in paragraph 92.

93      Defendant denies any allegations of wrongdoing against him in paragraph 93.

94.     Defendant denies any allegations of wrongdoing against him in paragraph 94.

95.     Defendant denies any allegations of wrongdoing against him in paragraph 95.

96.     Defendant denies any allegations of wrongdoing against him in paragraph 96.

## FEDERAL CLAIMS

### COUNT I
### Malicious Prosecution (U.S.C. §1983 and the 4th and 14th Amendments)
### (Defendant Min)

97.     Defendant incorporates his prior responses as if fully restated herein.

98.     Defendant admits the allegations in paragraph 98.

99.     Defendant denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Responding to paragraph 102, Defendant admits only that on January 29, 2024, the State entered a *nolle prosequi* as to the charges against Plaintiff.

103.    Defendant denies the allegations in paragraph 103.[1]

### COUNT II

---

[1] The claim for violation of the 14th Amendment was dismissed by the Court. *See* ECF 23 n. 9.

7

4930-4951-9007, v. 1

**Violation of Due Process (U.S.C. §1983 and the 14th Amendment)**
**(Against Defendant Min)**

104.    Defendant incorporates his prior responses as if fully restated herein.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

### COUNT III
**Violation of Due Process (Fourteenth Amendment)**
**Failure to Adequately Investigate and Disclose Exculpatory and Impeachment Evidence**
**(Against Defendant Min)**

108.    Defendant incorporates his prior responses as if fully restated herein.

109.    Defendant denies the allegations in paragraph 109.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

### COUNT IV
**Failure to Intervene (U.S.C. §1983)**
**(Against Defendant Min)**

113-16. Responding to paragraphs 113-16, this Count has been dismissed and, therefore, no response is necessary from Defendant. *See* ECF 24.

### COUNT V
**Monell Claims (42 U.S.C. § 1983 and Fourteenth Amendment)**
**(Against Defendant Baltimore Police Department)**

117-125.    Responding to paragraphs 117-125, the allegations in Count V are not directed to Defendant and, therefore, no response is necessary from Defendant. To the extent a response is necessary, Defendant denies any allegations of wrongdoing alleged against him in these paragraphs.

4930-4951-9007, v. 1

## STATE LAW CLAIMS

### COUNT VI
### Malicious Prosecution
### (Against Defendant Min)

126.    Defendant incorporates his prior responses as if fully restated herein.

127.    Defendant denies the allegations in paragraph 127.

128.    Defendant denies the allegations in paragraph 128.

129.    Defendant denies the allegations in paragraph 129.

130.    Defendant denies the allegations in paragraph 130.

131.    Defendant denies the allegations in paragraph 131.

132.    Responding to paragraph 132, Defendant admits only that on January 29, 2024, the State entered a *nolle prosequi* as to the charges against Plaintiff.

133.    Defendant denies the allegations in paragraph 133.

### COUNT VII
### Intentional Infliction of Emotional Distress
### (Against Defendant Min)

134.    Defendant incorporates his prior responses as if fully restated herein.

135.    Defendant denies the allegations in paragraph 135.

136.    Defendant denies the allegations in paragraph 136.

### COUNT VIII
### Abuse of Process
### (Against Defendant Min)

137-141.    Responding to paragraphs 137-141, the Court dismissed Count VIII and, therefore, no response is necessary from Defendant. *See* ECF 24.

### COUNT IX
### Violation of Maryland Declaration of Rights, Article 24 of the Maryland Constitution
### (Against Defendant Min)

142.    Defendant incorporates his prior responses as if fully restated herein.

4930-4951-9007, v. 1

143.   Defendant denies the allegations in paragraph 143.

144.   Defendant denies the allegations in paragraph 144.

145.   Defendant denies the allegations in paragraph 145.

### COUNT X
### Indemnification
### (Against the Baltimore Police Department)

146.   Defendant incorporates his prior responses as if fully restated herein.

147.   Paragraph 147 is directed to another party and, therefore, no response is necessary from Defendant.

148.   Responding to paragraph 148, Defendant admits that he was an employee of the BPD who acted within the scope of his employment at times relevant to the allegations in the Complaint. Defendant denies the remaining allegation of misconduct against him in this paragraph.

149. Paragraph 149 is directed to another party and, therefore, no response is necessary from Defendant. To the extent a response is necessary, Defendant denies any allegations of wrongdoing against him in this paragraph. Defendant further denies that Plaintiff is entitled to any of the damages he seeks in the "Wherefore" clause of his Complaint immediately after paragraph 149.

### AFFIRMATIVE AND NEGATIVE DEFENSES

150.   Defendant denies all allegations not specifically admitted in this Answer.

151.   Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental and qualified immunity.

152.   Defendant acted with probable cause and reasonable articulable suspicion.

153.   Plaintiff's Complaint fails to state claims upon which relief can be granted.

154.   Defendant denies violating Plaintiffs' rights.

155.   Defendant acted reasonably and in good faith under the circumstances.

4930-4951-9007, v. 1

156.    Defendant's actions were privileged because he was performing lawful duties as a member of the Baltimore Police Department and he is therefore entitled to and claims all common law and statutory immunities.

157.    Plaintiffs' alleged injuries, losses, or damages were caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendant is not responsible or liable.

156.    Plaintiff's state law claims are governed by, and Plaintiff's potential recovery is limited by, the Local Government Tort Claims Act, Md. Code. Cts. & Jud. Proc. Art. § 5-301, *et seq*.

157.    Defendant is entitled to discretionary immunity and public official immunity.

158.    Defendant was acting under the color of law and within the scope of his employment with BPD at all time relevant to the allegations in the Complaint.

159.    Defendant reserves the right to amend this answer.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this Court dismiss the Complaint with prejudice, assess costs against Plaintiff, and award Defendant all other relief this Court deems appropriate.

Dated: April 10, 2026                    Respectfully submitted,

                                         */s/ Christopher C. Jeffries*
                                         Christopher C. Jeffries (Bar No. 28587)
                                         Emily R. Greene (Fed. Bar No. 20302)
                                         Kramon & Graham, P.A.
                                         750 East Pratt Street, Suite 1100
                                         Baltimore, Maryland 21202
                                         Tel: (410) 752-6030
                                         Fax: (410) 539-1269
                                         cjeffries@kg-law.com
                                         egreene@kg-law.com

                                         *Attorneys for Defendant Julian Min*

11

4930-4951-9007, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2026, a copy of the foregoing was filed electronically via CM/ECF, which effected service on counsel for all parties.

/s/ Christopher C. Jeffries
Christopher C. Jeffries (Bar No. 28587)

12

4930-4951-9007, v. 1